UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ORRIN MONROE CORWIN,**

Plaintiff,

-vs-                                                                Case No.  6:02-cv-1377-Orl-19DAB

**WALT DISNEY WORLD COMPANY**

Defendants.
_____

## ORDER

This case comes before the Court on the following:

1. Magistrate Judge's Report and Recommendation on Defendant Walt Disney World Company's Application for Fees and Costs Pursuant to the Copyright Act, 17 U.S.C. § 505, and 28 U.S.C. § 1927 and for an Order to Show Cause.  (Doc. No. 270, filed on January 18, 2005).

2. Defendant Walt Disney World Company's Objections to the Magistrate Judge's Report and Recommendation and Supporting Memorandum of Law.  (Doc. No. 277, filed on January 28, 2005).

3. Plaintiff Orrin Monroe Corwin's Reply Brief in Support of the Magistrate Judge's Report and Recommendation.  (Doc. No. 282, filed on February 11, 2005).

### Background

On November 12, 2004, the Court granted Defendant Walt Disney World Company's Motion for Summary Judgment and Defendant's Motion to Exclude the Reports of Plaintiff's Expert

Witnesses. (Doc. No. 229). The Court also granted in part and denied in part Defendant's Motion to Strike Plaintiff's Evidence Filed in Opposition to Defendant's Motion for Summary Judgment and denied Plaintiff's Motion to Strike the Expert Report of Robert Gorman. (*Id*). On December 8, 2004, Plaintiff Orrin Monroe Corwin filed a Motion for Reconsideration and Motion for Clarification of the Court's Order granting Summary Judgment, granting Defendant's Motion to Exclude the Reports of Plaintiff's Expert Witnesses, granting in part and denying in part Defendant's Motion to Strike Plaintiff's Evidence Filed in Opposition to Defendant's Motion for Summary Judgment, and denying Plaintiff's Motion to Strike the Expert Report of Robert Gorman. (Doc. Nos. 248, 250). On December 10, 2004, Plaintiff filed a Notice of Appeal of the Court's November 12, 2004, Order. (Doc. No. 255). On April 28, 2005, the Court denied Plaintiff's Motions for Reconsideration and Clarification. (Doc. No. 288).

On December 6, 2004, Defendant filed a Motion for Attorneys' Fees and Costs. (Doc. No. 231). In that motion, Plaintiff sought an Order directing Plaintiff and non-parties Marian Jaffray, Patricia Jaffray Jones, and Lynn Tucker to pay Defendant's attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. section 505, directing Plaintiff's attorneys John Stemberger, and the law firms of Silverman & Santucci (including individual attorneys Melvin Silverman and Michael Santucci) and De la O and Marko (including individual attorneys Miguel de la O and Daniel Leyton) to pay Defendant's costs and attorneys' fees pursuant to 28 U.S.C. section 1927, and directing the Jaffrays to show cause before the Court as to why they should not be held individually liable for Defendant's attorneys' fees and costs. (*Id.* at 1).

On January 18, 2005, the Magistrate Judge filed a Report and Recommendation on Defendant's Motion for Attorneys' Fees and Costs. (Doc. No. 270). The Magistrate Judge found that costs have

been taxed by the Clerk of Court and recommended that this portion of Defendant's motion be denied as moot.[1] (*Id.* at 2). The Magistrate Judge noted that the portion seeking attorneys' fees is now pending an appeal from the final judgment and that disposition of the appeal will greatly affect consideration of the Motion for Attorneys' Fees. (*Id.*) The Magistrate Judge found that it did not appear that consideration of the appeal itself would be better informed if accompanied by a decision on fees. (*Id.*) (citing Comments to 1993 Amendments to Federal Rule of Civil Procedure 58). Thus, the Magistrate Judge recommended that Defendant's Motion seeking Attorneys' Fees be denied without prejudice, subject to refiling at the completion of the appellate process. (*Id.*) The Magistrate Judge further recommended that the Court require Defendant to refile any motion for attorneys' fees within twenty days after issuance of the mandate by the United State Court of Appeals for the Eleventh Circuit. (*Id.*)

On January 28, 2005, Defendant filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 277). Defendant argued that dismissing its claim for attorneys' fees under 28 U.S.C. section 1927 was clearly erroneous and that the Court should, in the interest of judicial economy, decide Defendant's request for fees under 28 U.S.C. section 1927 and 17 U.S.C. section 505. Plaintiff counters that the cases cited in Defendant's Objections do not require the Court to consider Defendant's entitlement to attorneys' fees now rather than after the disposition of the pending appeal and that the Court's adjudication of the attorneys' fees issue would not be an efficient use of Court resources.

This Order analyzes the Objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

---

[1] Docket Number 238 reflects that the Clerk of Court taxed costs in the amount of $171,197.50.

The Court shall make a *de novo* determination upon the record of any portion of the Magistrate Judge's Report and Recommendation to which specific written objection has been made.[2] FED. R. CIV. P. 72(b).

**Analysis**

Defendant's first argument is that the Magistrate Judge's recommendation to dismiss its claim for attorneys' fees and costs under 28 U.S.C. section 1927 was clearly erroneous because the authority upon which the Magistrate Judge based his recommendation is inapplicable to the extent that Defendant seeks fees under section 1927. Defendant contends that a motion for attorneys' fees under 28 U.S.C. section 1927 is expressly excluded from the scope of Federal Rule of Civil Procedure 54(d)(2) and, thus, Rule 58(c).

In recommending that Defendant's Motion for Attorneys' Fees should be denied without prejudice pending the disposition of the appeal, the Magistrate Judge relied on the Advisory Committee's Notes to the 1993 Amendments to Federal Rule of Civil Procedure 58. The Advisory Committee's Notes explain that if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer adjudicating the attorneys' fees issue until after the appeal is resolved. FED. R. CIV. P. 58 Advisory Committee's Note 1993. However, in many cases it may be more efficient to resolve attorneys' fees issues before the appeal is

---

[2] Whenever a party files a timely and specific objection to a finding of fact by a Magistrate Judge, the District Court has an obligation to conduct a *de novo* review of the record with respect to that factual issue. *Loconte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). In the instant case, the Court will apply a *de novo* standard to the conclusions of law that the Magistrate Judge reached in his Report and Recommendation. There are no factual issues in dispute.
Defendant cites Federal Rule of Civil Procedure 72(a) for the proposition that a clearly erroneous or contrary to law standard applies. However, Rule 72(b) applies to the instant case. Rule 54(d) states that the district court may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter. FED. R. CIV. P. 54(d).

taken so that an appeal relating to the fee award is heard at the same time as the appeal relating to the merits of the case. *Id.*

Rule 54(d) provides the procedure for recovery of attorneys' fees but does not provide a substantive right to attorneys' fees. *Crenshaw v. General Dynamics Corp.*, 940 F.2d 125, 129 (5th Cir. 1991). Rule 54(d)(2)(E) states that subparagraphs (A) through (D) of Rule 54(d)(2) do not apply to claims for fees and expenses brought under 28 U.S.C. section 1927. FED. R. CIV. P. 54(d)(2)(E). It is clear that Defendant's Motion for Attorneys' Fees under 28 U.S.C. section 1927 is not brought pursuant to Rule 54(d). Rule 58(c)(2) discusses an attorneys' fees motion brought under Rule 54(d)(2). Thus, the commentary to Rule 58 applies to motions brought pursuant to Rule 54(d)(2). While Rule 58 is not appropriate authority to recommend a dismissal or deferral of a request for attorneys' fees under 28 U.S.C. section 1927, Defendant has not cited any case law, and the Court's independent research has not produced a case, demonstrating that the Court is required to entertain and determine a motion for attorneys' fees under 28 U.S.C. section 1927 or 17 U.S.C. section 505 while an appeal is pending. Considerations of judicial efficiency and avoidance of unnecessary expenditure of judicial labor militate as public policy considerations in favor of adopting the conclusion of the Magistrate Judge.

Defendant's second argument is that it is in the interests of judicial economy for the Court to entertain Defendant's Motion for Attorneys' Fees under 28 U.S.C. section 1927 and 17 U.S.C. section 505 while the appeal in this case is pending.[3] Defendant claims that the time for the filing of the appeal is stayed until the Court has rendered a decision on Plaintiff's Motions for Clarification and

---

[3] Defendant admits that to the extent that its motion seeks fees under 17 U.S.C. section 505, it is subject to Rule 54(d)(2) and thus to Rule 58(c) and the Advisory Committee's 1993 note.

Reconsideration. However, the Court has already ruled on these motions, so no stay is presently in effect. In the time in which the record is prepared and filed with the appellate court, it is not likely that the trial court would have the necessary time to conduct the exacting, deliberate research and analysis of the multiple issues raised in Defendant's Motion for Attorneys' Fees, as discussed later in this Order.

Defendant contends that if the Eleventh Circuit affirms the Court's Summary Judgment Order, the Court would be required to rule on Defendant's Motion for Attorneys' Fees and that immediate consideration of Defendant's motion would facilitate a single, consolidated appeal including both the merits of this case and any fee issues. Defendant claims that the Court is in the best position to review its motion immediately because the Court only recently reviewed the evidence and issues that are closely related to its Motion for Attorneys' Fees.

Defendant's Motion for Attorneys' Fees under 17 U.S.C. section 505 and 28 U.S.C. section 1927 raises significant issues that will require substantial effort, and research, and most likely additional evidentiary presentations on matters that the Court has not previously considered. The appropriateness of a fees award under 17 U.S.C. section 505 is determined by applying a multifactor test. These factors include "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n. 19 (1994) (citing *Leib v. Topstone Indust., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). Pursuant to 28 U.S.C. section 1927, any attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

In Defendant's Motion for Attorneys' Fees, Defendant argues that the Jaffrays and Plaintiff's attorneys, not Plaintiff Corwin, initiated and controlled this lawsuit, that Plaintiff's burdensome and vexatious discovery tactics greatly multiplied the costs and fees associated with discovery, and that Plaintiff and his counsel lacked any admissible evidence and misled the Court in order to further pursue his untenable claim.  These are matters as to which the Court lacks familiarity.  In determining whether Plaintiff's actions were frivolous and objectively unreasonable, the Court would evaluate the evidence that Plaintiff and Defendant submitted when the Court considered Defendant's Motion for Summary Judgment.  While this evidence may be recently considered, the Court would need to research caselaw as it applies to these facts in order to determine whether they meet the standards articulated under 17 U.S.C. section 505 and 28 U.S.C. section 1927.  Furthermore, the Court would need to evaluate both the breadth and scope of discovery in order to analyze Defendant's argument that Plaintiff utilized vexatious discovery tactics.  Because Defendant requests the Court to order Marian Jaffray, Patricia Jaffray Jones,  Lynn Tucker and Plaintiff's attorneys to personally pay Defendant's fees pursuant 28 U.S.C. section 1927 and federal case law, the Court would be required to consult the record in order to determine whether the Jaffrays and Plaintiff's attorneys actually initiated and controlled this lawsuit and would need to conduct research to discern whether section 1927 and federal case law permit such a result.

Defendant also claims to have incurred fees in the amount of $1,720,556.10.  The Court would apply a twelve-factor test to determine the reasonableness of the fees.[4]  Thus, in addition to evaluating

---

[4] The twelve factors for determining the reasonableness of fees are the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to the acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, the undesirability of the case, the nature and length of the

the evidence that Plaintiff and Defendant submitted on summary judgment, extensive review of other matters would be required, for instance whether discovery tactics were vexatious, whether the Jaffrays and Plaintiff's attorneys initiated and controlled this law suit, and whether Defendant's attorneys' fees are reasonable. If the appellate court affirms the Court's Summary Judgment Order, then Defendant may amend its Motion for Attorneys' Fees to pursue appellate fees and costs under 28 U.S.C. section 1927 and 28 U.S.C. section 1912, which further demonstrates that an immediate disposition of the attorneys' fees issue is not the best use of the Court's limited resources. If the appellate court reverses the District Court's Summary Judgment Order, the extensive judicial labor expended to determine the issues of attorneys' fees may be for naught. Because the consideration of these collateral issues is unlikely to assist the Eleventh Circuit in its consideration of the substantive issues, Defendant's argument that immediate consideration of its motion would facilitate a single, consolidated appeal is not well taken. Therefore, the Court overrules Defendant's Objections to the Report and Recommendation of the Magistrate Judge.

## Conclusion

1. The Court has reviewed *de novo* the record on consideration of the Objections of Defendant (Doc. No. 277) to the Report and Recommendation of the U.S. Magistrate Judge (Doc. No. 270).

2. The Court **AFFIRMS** and **ADOPTS** the Report and Recommendation of the U.S. Magistrate Judge. Defendant's Objections are **OVERRULED** without prejudice.

3. Plaintiff shall pay Defendant $171,197.50 in costs associated with this case. Plaintiff

---

professional relationship with the client, and awards in similar cases. *Cable/Home Communications Corp. v. Network Productions, Inc.*, 902 F.2d 829, 853 n.7 (11th Cir. 1990).

      shall make the total payment of $171,197.50 to Defendant within twenty (20) days from the date of this Order.

4. Defendant shall file its Motion for Attorneys' Fees and Costs within twenty (20) days after issuance of the mandate by the United States Court of Appeals for the Eleventh Circuit, if appropriate.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May ____9th_____ 2005.

*/s/ Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record